**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 58020-9-II |
| XAVIER MICHAEL MAGAÑA[†], | UNPUBLISHED OPINION |
| Petitioner. | |

CHE, J. — Xavier Michael Magaña appeals the transfer of his 2013 motion to withdraw his guilty plea as a personal restraint petition (PRP). In 2011, Magaña pleaded guilty to first degree murder. At sentencing, Magaña requested to withdraw his guilty plea based on incompetency and ineffective assistance of counsel. The trial court denied Magaña's motions and proceeded to sentencing.

In a direct appeal, we held that Magaña provided insufficient evidence to require the trial court to conduct a competency hearing and that Magaña had not shown his counsel's performance was deficient or otherwise affected his decision to plead guilty.[1]

In December 2013, Magaña moved to withdraw his guilty plea (2013 motion). Years later, the trial court denied Magaña's 2013 motion. Magaña appealed and we reversed the trial court, remanding Magaña's motion to withdraw his guilty plea "so that the trial court can hold a

---

[†] The spelling of Petitioner's surname has been corrected in this opinion.

[1] *State v. Magaña*, noted at 170 Wn. App. 1039, 2012 WL 5348962, at *3-4.

show cause hearing."[2]  The trial court did not hold a show cause hearing and instead transferred the matter to us under CrR 7.8 to be treated as a PRP.

We hold the trial court failed to comply with our opinion and mandate to hold a show cause hearing.  Accordingly, we remand for the trial court to hold a show cause hearing consistent with our previous opinion and mandate.

FACTS

In 2011, Magaña pleaded guilty to first degree murder utilizing an *Alford* plea.[3]  At sentencing, Magaña moved to withdraw his guilty plea—alleging that he was incompetent at the time he pleaded guilty—and he expressed a desire to raise an ineffective assistance of counsel claim.  The trial court denied Magaña's motions and sentenced him accordingly.

Magaña filed a direct appeal,[4] alleging that the trial court erred by not conducting a competency hearing prior to denying his motion to withdraw his guilty plea.  Magaña further argued that his counsel provided ineffective assistance by advising him to accept the State's plea offer and pressuring him to plead guilty while knowing that a pre-trial psychological evaluation concluded Magaña had a potential defense of diminished capacity.

In 2012, we affirmed Magaña's conviction, holding that he presented insufficient evidence to require the trial court to conduct a competency hearing and that he had not shown his counsel's performance was deficient or otherwise affected his decision to plead guilty.

---

[2] *State v. Magaña*, No. 55800-9-II, slip op. at 1 (Wash. Ct. App. Aug. 23, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2055800-9-II%20Unpublished%20Opinion.pdf.

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] *Magaña*, noted at 170 Wn. App. 1039, slip op. at 12.

In December 2013, Magaña moved to withdraw his guilty plea under CrR 7.8 and CrR 4.2. In his motion, Magaña alleged due process violations, ineffective assistance of counsel, denial of his right to confrontation, newly discovered evidence, and cumulative error. The trial court did not rule on Magaña's 2013 motion and Magaña did not take any action on the motion for years.

In November 2020, the trial court determined that Magaña's 2013 motion was timely and that Magaña had made a substantial showing that he was entitled to relief. The court further ordered that Magaña's motion "shall be heard on its merits." Clerk's Papers (CP) at 132. The court ordered a response from the State and maintained that "[a]fter reviewing the response, the Court will determine whether this case will be transferred to the Court of Appeals, or if a hearing shall be scheduled." CP at 132.

In January 2021, the trial court denied Magaña's 2013 motion based on the "law of the case doctrine." CP at 236. The trial court found that we ruled on the ineffective assistance of counsel claims in Magaña's direct appeal in 2012. Additionally, the trial court ruled that Magaña was precluded from arguing claims that could have been raised in the direct appeal had he presented them.

Magaña appealed the trial court's order denying his 2013 motion and we reversed the trial court, remanding Magaña's motion "so that the trial court can hold a show cause hearing." *Magaña*, No. 55800-9-II, slip op. at 12. In July 2023, our opinion became the final decision, and terminated our review. Mandate, *State v. Magaña*, No. 55800-9-II, at 1 (Wash. July 25, 2023).

On remand, the trial court made new findings and transferred Magaña's motion to us to be treated as a PRP because it "is not time barred but does not meet the criteria under

CrR 7.8(c)(2) to allow the court to retain jurisdiction for a decision on the merits."[5]  Br. of

Resp't App. at 365 (Revised Ord. on Def.'s Mot. to Withdraw Guilty Plea).

Magaña appeals.

## ANALYSIS

A motion for withdrawal of a guilty plea made after judgment is governed by CrR 7.8.

CrR 4.2(f).  CrR 7.8 requires the trial court to transfer a motion to withdraw a guilty plea made

after judgment to us unless the court determines that the motion is timely and "either (i) the

defendant has made a substantial showing that [they] [are] entitled to relief or (ii) resolution of

the motion will require a factual hearing."  CrR 7.8(c)(2).

"An appellate court's mandate is binding on the lower court and must be strictly

followed. While a remand 'for further proceedings' 'signals this court's expectation that the trial

court will exercise its discretion to decide any issue necessary to resolve the case,' the trial court

cannot ignore the appellate court's specific holdings and directions on remand."  *Bank of Am.,*

*NA v. Owens*, 177 Wn. App. 181, 189, 311 P.3d 594 (2013) (footnotes omitted).  "Upon issuance

of the mandate of the appellate court as provided in [RAP] 12.5, the action taken or decision

made by the appellate court is effective and binding on the parties to the review and governs all

subsequent proceedings in the action in any court."  RAP 12.2.

Magaña appealed the trial court's January 2021 order denying his 2013 motion to

withdraw his guilty plea and we reversed the trial court, remanding Magaña's motion to the trial

---

[5] In April 2023, Magaña objected to the transfer of his 2013 motion and moved to remand the trial court's transfer of his motion to the appellate court.  Our commissioner determined that Magaña's motion would be treated as an objection to the transfer order and would be considered with his petition.  Ruling on Mots., *Pers. Restraint Pet. of Magaña*, No. 58020-9-II, at 1 (Wash. Aug. 3, 2023).

court "to hold a show cause hearing." *Magaña*, No. 55800-9-II, slip op. at 11. The trial court did not conduct a show cause hearing. Instead, it issued an order with new findings and transferred the matter to us to be treated as a PRP.

But, our holding and direction on remand was specific such that there was no room for the trial court to exercise discretionary authority to reconsider whether it should retain Magaña's motion for a decision on the merits. Our language did not signal an expectation that the trial court will exercise its discretion to decide any issue necessary to resolve the matter. Moreover, our mandate is binding on the trial court and must be strictly followed. We hold the trial court failed to comply with our opinion and mandate to hold a show cause hearing.

CONCLUSION

We remand for the trial court to hold a show cause hearing consistent with our previous opinion and mandate issued in this case.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, C.J.

Veljacic, J.